UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL WOJCIK,**

Plaintiff,

vs.   CASE NO.:

**INDIAN RIVER TRANSPORT CO.**

Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW,** Plaintiff, MICHAEL WOJCIK, by and through his undersigned counsel, and hereby sues the Defendant, INDIAN RIVER TRANSPORT CO. , a Florida corporation, and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to the Title VII, Retaliation, 42 U.S.C. § 2000, *et seq*. and 28 U.S.C. § 1331.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

3. At all times material herein, Plaintiff, MICHAEL WOJCIK

(hereinafter "Wojcik" or "Plaintiff"), was and is a resident of Polk County, Florida.

4. At all times material herein, Defendant, INDIAN RIVER TRANSPORT CO., (hereinafter "Jenkins" or "Defendant"), was and is a Florida corporation, authorized to and doing business in Polk County, Florida.

## ADMINISTRATIVE PREREQUISITES

5. Plaintiff, MICHAEL WOJCIK, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR).

6. More than 180 days have passed since the filing of said Charge of Discrimination.

7. Plaintiff has received the Right to Sue.

8. Defendant, INDIAN RIVER TRANSPORT CO., is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## FACTUAL ALLEGATIONS

9. Plaintiff began his employment with Defendant on or around February 1, 2018 as a Claims Manager.

10. In or around July 2020, Plaintiff was promoted to Director of Safety.

11. Dan MacNamee (Human Resources, Caucasian) repeatedly disclosed Defendant's pattern and practice of discriminating against minority races to

Plaintiff (Plaintiff is Caucasian). For example, Mr. MacNamee repeatedly stated that John Harned (Owner, Caucasian) would not hire African Americans/minorities. In or around September 2016, Plaintiff was promoted to Sales Manager.

12. Mr. MacNamee also stated that Mr. Harned ordered that they terminate a Hispanic candidate that was placed into a secretarial position answering phones because she had an accent.

13. Plaintiff repeatedly expressed that the conduct was discriminatory and opposed Defendant's discriminatory practices.

14. Mr. MacNamee admitted that Defendant's conduct was unlawful but refused to take any remedial action.

15. Later, Mr. MacNamee informed Plaintiff that Mr. Harned was dissatisfied with my African American subordinate's performance.

16. Plaintiff disputed the baseless accusations regarding his subordinate's performance and expressed concerns of discrimination.

17. Shortly thereafter, Defendant terminated Plaintiff's African American subordinate under the pretext of "going in a different direction" and replaced her with a Caucasian candidate.

18. Plaintiff's subordinate filed a Charge of Discrimination with the EEOC and with Plaintiff's permission, was listed Plaintiff as a witness and gave a

written statement for her.

19. Shortly afterwards, Plaintiff was terminated with the same pretext of "going in a different direction."

20. Plaintiff was terminated because he opposed unlawful employment practices, and/or assisted and participated in the racial discrimination investigation discussed above.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

21. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

22. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Florida Civil Rights Act ("FCRA"), Chapter 760, *et seq., Florida Statutes*.

23. The above-described acts of retaliation constitute a violation of the FCRA, Chapter 760, *et seq., Florida Statutes*, for which Defendant is liable.

23. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

      e.      Compensatory damages, including those for emotional pain and suffering;

      f.      Punitive damages;

      g.      Injunctive relief;

      h.      Attorney's fees and costs; and

      i.      All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, MICHAEL WOJCIK, demands a trial by jury and judgment against Defendant, INDIAN RIVER TRANSPORT CO., for damages in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand Dollars ($30,000.00) plus interest, attorney's fees, and costs, and for such other and further relief to which Plaintiff may be justly entitled.

### COUNT II
### FLORIDA CIVIL RIGHTS ACT ("FCRA")
### RETALIATION FOR PARTICIPATING IN A PROCEEDING

24.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

25.    Plaintiff suffered an adverse employment action for participating in a proceeding made unlawful by the Florida Civil Rights Act ("FCRA"), Chapter 760, *et seq., Florida Statutes*.

26.    The above-described acts of retaliation constitute a violation of the FCRA, Chapter 760, *et seq., Florida Statutes*, for which Defendant is liable.

27. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Interest on front pay and benefits;

   e. Compensatory damages, including those for emotional pain and suffering;

   f. Punitive damages;

   g. Injunctive relief;

   h. Attorney's fees and costs; and

   i. All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, MICHAEL WOJCIK, demands a trial by jury and judgment against Defendant, INDIAN RIVER TRANSPORT CO., for damages in an amount within the jurisdictional limits of this Court, to wit:  More than Thirty Thousand Dollars ($30,000.00) plus interest, attorney's fees, and costs, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT III
### TITLE VII – RETALIATION

28. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

29. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

30. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.*

31. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Interest on front pay and benefits;

   e. Compensatory damages, including those for emotional pain and suffering;

   f. Punitive damages;

   g. Injunctive relief;

   h. Attorney's fees and costs; and

   i. All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, MICHAEL WOJCIK, demands a trial by jury and judgment against Defendant, INDIAN RIVER TRANSPORT CO., for damages in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand Dollars ($30,000.00) plus interest, attorney's fees, and costs, and for such

other and further relief to which Plaintiff may be justly entitled.

## COUNT IV
## TITLE VII
## RETALIATION FOR PARTICIPATING IN A PROCEEDING

32. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

33. Plaintiff suffered an adverse employment action for participating in a proceeding made unlawful by Title VII.

34. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq*.

35. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including those for emotional pain and suffering;

    f. Punitive damages;

    g. Injunctive relief;

    h. Attorney's fees and costs; and

   i.  All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, MICHAEL WOJCIK, demands a trial by jury and judgment against Defendant, INDIAN RIVER TRANSPORT CO., for damages in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand Dollars ($30,000.00) plus interest, attorney's fees, and costs, and for such other and further relief to which Plaintiff may be justly entitled.

## DEMAND FOR JURY TRIAL

36. Plaintiff, MICHAEL WOJCIK, demands a trial by jury on all issues so triable.

**DATED:** June 20, 2022

            **FLORIN GRAY BOUZAS OWENS, LLC**

            */s/Hunter A. Higdon*
            **HUNTER A. HIGDON, ESQUIRE**
            Florida Bar No.: 85963
            Primary: hunter@fgbolaw.com
            Secondary: debbie@fgbolaw.com
            16524 Pointe Village Drive, Suite 100
            Lutz, FL 33558
            Telephone (727) 254-5255
            Facsimile (727) 483-7942
            Attorney for Plaintiff